**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| KENNETH J. TAGGART, | : |
| | : |
| Appellant/Plaintiff Below, | : |
| | : |
| vs. | : |
| | : |
| PHH MORTGAGE CORPORATION, et al., | : |
| | : |
| Appellees/Defendants Below | : |
| | : |

Civil No. 2:22-cv-00309-JMY

Edward W. Chang, Esquire
Thomas M. Brodowski, Esquire
**BLANK ROME LLP**
130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555
EChang@BlankRome.com;
TBrodowski@BlankRome.com
 *Attorneys for Appellees*
*PHH Mortgage Corporation and*
*TIAA Bank*

Dated: May 4, 2022

i

## <u>TABLE OF CONTENTS</u>

Page

I.  STATEMENT OF JURISDICTION ................................................................. 1

II.  STATEMENT OF ISSUES PRESENTED FOR REVIEW ........................... 2

III.  STATEMENT OF RELATED CASES AND PROCEEDINGS ................... 3

IV.  STATEMENT OF THE CASE ..................................................................... 4

V.  STATEMENT OF FACTS AND PROCEDURAL HISTORY ................... 7

    A.  Procedural History of this Case. ........................................................ 7

    B.  Procedural History of the Underlying Foreclosure Action. ............ 10

VI.  STATEMENT OF THE STANDARD OF REVIEW ................................. 14

VII.  SUMMARY OF ARGUMENT .................................................................. 15

VIII.  ARGUMENT ............................................................................................ 17

    A.  THE BANKRUPTCY COURT PROPERLY DISMISSED PLAINTIFF'S
        AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)........ 17

        i.  Legal Standard for Dismissal. ............................................... 17

        ii.  The Bankruptcy Court Properly Dismissed Plaintiff's Amended
            Complaint Because It Violates Rule 8 of the Federal Rules of Civil
            Procedure. .................................................................................. 18

        iii.  The Bankruptcy Court Properly Concluded that Plaintiff Failed to
            State a Claim for Breach of Contract. ..................................... 18

        iv.  The Bankruptcy Court Properly Dismissed Plaintiff's Purported
            UTPCPL Claims. ....................................................................... 21

        v.  The Bankruptcy Court Properly Concluded that Plaintiff Failed to
            State a Claim for Quiet Title and Declaratory Relief. ......................... 23

        vi.  Plaintiff's Amended Complaint Fails to Plead Any Facts Showing
            He Is Entitled to Alternative Tort Relief. ............................... 27

IX.  CONCLUSION ......................................................................................... 28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................... 17

*Bryant v. Woodland*,
    111 B.R. 474 (E.D.Pa.1990) ....................................................................................... 22

*Carpenter v. Dizio*,
    506 F.Supp. 1117 (E.D. Pa. 1981) .............................................................................. 26

*Commonwealth v. Monumental Prop., Inc.*,
    459 Pa. 450, 329 A.2d 812 (1974) .............................................................................. 21

*Deutsche Bank National Trust Co. v. Taggart*,
    No. 11-4668 ................................................................................................................... 4

*Gagliardi v. Lynn*,
    285 A.2d 109 (Pa. 1971) .............................................................................................. 26

*GMAC Mortgage LLC, et al. v. Taggart*,
    No. 10-2393 ................................................................................................................... 4

*In re Clark*,
    96 B.R. 569 (Bankr. E.D. Pa. 1989) ........................................................................... 22

*In re Sharon Steel Corp.*,
    871 F.2d 1217 (3d Cir.1989) ....................................................................................... 14

*Kaymark v. Bank of Am., N.A.*,
    783 F.3d 168 (3d Cir. 2015) ........................................................................................ 19

*Keller v. Volkswagen of America, Inc.*,
    733 A.2d 642 (Pa.Super. 1999) ................................................................................... 22

*Klein v. Stahl GMBH & Co. Maschinefabrik*,
    185 F.3d 98 (3d Cir.1999) ........................................................................................... 24

*Krisa v. Equitable Life Assurance Society*,
    113 F.Supp.2d 694 (M.D.Pa.2000) ............................................................................. 22

*McTernan v. City of York*,
   577 F.3d 521 (3d Cir. 2009) ........................................................................... 17

*Nelson v. First Card*,
   No. 97-3503, 1998 WL 107236 (E.D. Pa. Mar. 9, 1998) ................................... 22

*Omicron Sys., Inc. v. Weiner*,
   860 A.2d 554 (Pa. Super. Ct. 2004) ............................................................... 19

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir.1993) .......................................................................... 10

*Phillips v. Cnty. Of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ........................................................................... 17

*Pryor v. Nat'l Collegiate Athletic Ass'n*,
   288 F.3d 548 (3d Cir.2002) ............................................................................ 10

*Ryan Operations G.P. v. Santiam–Midwest Lumber Co.*,
   81 F.3d 355 (3d Cir.1996) .............................................................................. 24

*Sands v. McCormick*,
   502 F.3d 263 (3d Cir.2007) ............................................................................ 10

*Scheuer v. Rhoads*,
   416 U.S. 232 ................................................................................................. 17

*Smith v. Commercial Banking Corp.*,
   866 F.2d 576 (3d Cir. 1989) ........................................................................... 21

*Taggart v. BAC Home Loans Servicing, LP, et al.*,
   No. 10-1223 .................................................................................................. 4

*Taggart v. Bank of New York Mellon, et al.*,
   No. 15-2985 .................................................................................................. 4

*Taggart v. Chase Bank USA, N.A., et al.*,
   No. 09-1533 .................................................................................................. 4

*Taggart v. Chase Bank USA, N.A.*,
   No. 09-3761 .................................................................................................. 4

*Taggart v. County of Montgomery, et al.*,
   No. 12-1913 .................................................................................................. 4

*Taggart v. Deutsche Bank Nat'l Co., et al.*,
   No. 12-4455 .................................................................................................. 4

*Taggart v. Deutsche Bank Nat'l. Trust Co., et al.*,
  No. 20-5503, 2021 WL 2255875 (E.D.Pa. June 3, 2021) ............................................. 4, 25

*Taggart v. Franconia Township, et al.*,
  No. 10-2725 ................................................................................................................... 4

*Taggart v. GMAC Mortgage LLC, et al.*,
  No. 12-4077 ................................................................................................................... 4

*Taggart v. Greenpoint Mortgage Funding, Inc., et al.*,
  No. 09-3416 ................................................................................................................... 4

*Taggart v. Greenpoint Mortgage Funding, Inc., et al.*,
  No. 09-3417 ................................................................................................................... 4

*Taggart v. Harrison*,
  No. 07-3645 ................................................................................................................... 4

*Taggart v. Montgomery County Court of Common Pleas, et al.*,
  No. 18-1409 ................................................................................................................... 4

*Taggart v. Morgan Stanley ABS Capital I Inc. Trust, et al.*,
  No. 16-062 ..................................................................................................................... 4

*Taggart v. New Century Financial Services, Inc., et al.*,
  No. 20-4261 ................................................................................................................... 4

*Taggart v. Norwest Mortgage, Inc., et al.*,
  No. 09-1281 ................................................................................................................... 4

*Taggart v. Saltz*,
  No. 20-1638, 2020 WL 5943728 (E.D. Pa. Oct. 7, 2020) ............................................. 4

*Taggart v. United States Dep't of Justice, et al.*,
  No. 16-4040 ................................................................................................................... 4

*Taggart v. United States Dep't of Justice*,
  No. 17- 3210 .................................................................................................................. 4

*Taggart v. United States*,
  No. 15- mc-255 .............................................................................................................. 4

*Taggart v. Wells Fargo Bank, N.A., et al.*,
  No. 12-2359 ................................................................................................................... 4

*Taggart v. Wells Fargo Bank, N.A., et al.*,
  No. 16-063 ..................................................................................................................... 4

*Taggart v. Wells Fargo Bank, N.A.*,
No. 12-3177, 2013 WL 3009732 (E.D. Pa. June 18, 2013) ................................. 4

*Taggart v. Wells Fargo Home Mortgage, Inc., et al.*,
No. 10-843 ........................................................................................................ 4

*U.S. Express Lines, Ltd. v. Higgins*,
281 F.3d 383 (3d Cir.2002) ............................................................................. 10

*Wells Fargo Bank, N.A. v. Taggart*,
No. 10-2657 ...................................................................................................... 4

*Wenglicki v. Tribeca Lending Corp., et al.*,
2009 WL 2195221 (E.D.Pa. July 22, 2009) ..................................................... 23

*White v. Young*,
186 A.2d 919 (Pa. 1963) .................................................................................. 26

**Statutes**

73 P.S. § 201-9.2(a) ................................................................................................ 22

Pa.C.S.A. § 5525 ......................................................................................... 15, 26

13 Pa.C.S.A. § 3118 ............................................................................................... 12

42 Pa.C.S. § 5505 .................................................................................................. 13

42 Pa.C.S. § 5525(a)(1) ......................................................................................... 21

11 U.S.C. §§101 *et seq.* ........................................................................................... 7

11 U.S.C. § 362 ...................................................................................................... 13

28 U.S.C. §158 ........................................................................................................ 1

Mortgage Property Insurance Coverage Act ......................................................... 12

Pennsylvania's Fair Credit Extension Uniformity Act........................................... 12

Pennsylvania Unfair Trade Practices Act.............................................................. 12

**Other Authorities**

Bankruptcy Rule 7012 ........................................................................................... 17

Bankruptcy Rule 7055 ............................................................................................. 9

Bankruptcy Rule 8013 ........................................................................................... 14

Fed. R. Civ. P. 8 .......................................................................................... 5, 15, 18

Fed. R. Civ. P. 8(a)(2) ......................................................................................... 27

Fed. R. Civ. P. 12(b)(1) ................................................................................... 2, 17

Fed. R. Civ. P. 12(b)(6) ......................................................................... 5, 15, 16, 17

Fed. R. Civ. P. 15 .................................................................................................... 9

Fed. R. Civ. P. 15(a)(3) ........................................................................................... 9

Pa.R.C.P. 229(c) .................................................................................................... 12

Pa.R.C.P. 230.2 ..................................................................................................... 13

Pa.R.C.P. 403 .......................................................................................................... 8

Pa.R.C.P. 404 .......................................................................................................... 8

Pa.R.C.P. 410 .......................................................................................................... 8

Pa.R.C.P. 1061(b)(3) ............................................................................................. 25

Rule 1024 ............................................................................................................... 11

Rule 1147 ............................................................................................................... 11

I.    **<u>STATEMENT OF JURISDICTION</u>**

On January 19, 2022, the Honorable Ashely M. Chan, of the United States Bankruptcy Court for the Eastern District of Pennsylvania, entered a final Order granting Defendant/Appellants' Motion to Dismiss the adversary Complaint filed by Appellant/Plaintiff Below, Kenneth J. Taggart ("Plaintiff").  Thereafter, Plaintiff filed a Notice of Appeal to the United States District Court for the Eastern District of Pennsylvania on January 20, 2022.  This Court has appellate jurisdiction pursuant to 28 U.S.C. §158.

## II.   <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

Whether the Bankruptcy Court erred in dismissing Plaintiff's adversary Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

*Suggested Answer: No*

The underlying arguments for these issues were raised in Appellee/Defendants' Below PHH Mortgage Corporation and TIAA Bank's Brief in Support of their Motion to Dismiss Adversary Proceeding (Dkt. 19 in Adv. No. 21-00112-AMC), as opposed by Plaintiff in his Opposition Brief (Dkt. 40).

III.    **STATEMENT OF RELATED CASES AND PROCEEDINGS**

This appeal is directly related to Plaintiff's Lead Chapter 11 Bankruptcy Case at Docket No. 21-12476, which is still pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania.  In addition, this appeal is related to a concurrent appeal filed by Plaintiff in relation to the Honorable Ashely M. Chan's Order dated January 19, 2022, which denied Plaintiff's Motion to Remand in the Adversary Proceeding docketed at 21-00112-AMC.  This appeal is also related to a Pennsylvania State Court Foreclosure Action in the Court of Common Pleas of Montgomery County titled *PHH Mortgage Corporation v. Kenneth Taggart* (the "Foreclosure Action"), at Docket No. 2019-18155, which was voluntarily discontinued by PHH without prejudice.  In that action, the State Court denied Plaintiff's Motion to Strike PHH's voluntary discontinuance by Order dated December 20, 2020, after which Plaintiff appealed to the Superior Court of Pennsylvania (Docket No. 211 EDA 2021), where the appeal is fully briefed but stayed pending Plaintiff's ongoing bankruptcy.

## IV.    STATEMENT OF THE CASE

As characterized by United States District Judge Gerald J. Pappert,[1] Plaintiff is a "serial litigant" who, instead of making his mortgage payments like other homeowners, "has wasted judicial resources and his opponents' time and money for more than a decade."  In labeling Plaintiff as a serial litigant, Judge Pappert identified almost three dozen other cases involving nearly identical, but equally frivolous, arguments raised by Plaintiff.[2]  Notably, Plaintiff has not received a favorable judgment in any of these actions and has been warned that his cases "are an abuse of the judicial process."  *Taggart v. Wells Fargo Bank, N.A.*, et al., No. 12-3177, 2013 WL 3009732, at *3 (E.D. Pa. June 18, 2013).  The instant matter is no exception, and the Bankruptcy Court committed no error by dismissing Plaintiff's Amended Complaint with prejudice.

In this adversary case, filed under Adversary Proceeding No. 21-00112-AMC (the "Adversary Proceeding or Adv. Dkt.), Plaintiff has once again filed a frivolous and repetitive attack against Defendants as a means to derail a state court foreclosure, just so he can continue collecting rent from tenants (as he has done for over a decade), without paying his mortgage.  This time, instead of advancing his frivolous arguments as defenses in the foreclosure action (which the

---

[1] *See Taggart v. Deutsche Bank Nat'l. Trust Co., et al.*, No. 20-5503, 2021 WL 2255875, *1-2 (E.D.Pa. June 3, 2021).

[2] *See, e.g.*, *Taggart v. Saltz*, No. 20-1638, 2020 WL 5943728, at *1 n.1 (E.D. Pa. Oct. 7, 2020); *Taggart v. Harrison*, No. 07-3645; *Taggart v. Chase Bank USA, N.A., et al.*, No. 09-1533; *Taggart v. Norwest Mortgage, Inc., et al.*, No. 09-1281; *Taggart v. Greenpoint Mortgage Funding, Inc., et al.*, No. 09-3416; *Taggart v. Greenpoint Mortgage Funding, Inc., et al.*, No. 09-3417; *Taggart v. Chase Bank USA, N.A.*, No. 09-3761; *Taggart v. Wells Fargo Home Mortgage, Inc., et al.*, No. 10-843; *Taggart v. BAC Home Loans Servicing, LP, et al.*, No. 10-1223; *GMAC Mortgage LLC, et al. v. Taggart*, No. 10-2393; *Wells Fargo Bank, N.A. v. Taggart*, No. 10-2657; *Taggart v. Franconia Township, et al.*, No. 10-2725; *Deutsche Bank National Trust Co. v. Taggart*, No. 11-4668; Taggart v. GMAC Mortgage LLC, et al., No. 12-415; *Taggart v. County of Montgomery, et al.*, No. 12-1913; *Taggart v. Wells Fargo Bank, N.A., et al.*, No. 12-2359; *Taggart v. GMAC Mortgage LLC, et al.*, No. 12-4077; *Taggart v. Deutsche Bank Nat'l Co., et al.*, No. 12-4455; *Taggart v. United States*, No. 15- mc-255; *Taggart v. Bank of New York Mellon, et al.*, No. 15-2985; *Taggart v. Morgan Stanley ABS Capital I Inc. Trust, et al.*, No. 16-062; *Taggart v. Wells Fargo Bank, N.A., et al.*, No. 16-063; *Taggart v. United States Dep't of Justice, et al.*, No. 16-4040; *Taggart v. United States Dep't of Justice*, No. 17- 3210; *Taggart v. Montgomery County Court of Common Pleas, et al.*, No. 18-1409; *Taggart v. New Century Financial Services, Inc., et al.*, No. 20-4261.

state court previously rejected when it overruled his Preliminary Objections), Plaintiff repackaged them as affirmative claims against Defendants for (1) breach of contract (Counts 1-20); (2) quiet title (Counts 21-22); (3) declaratory relief (Counts 23-24); and (4) alternative "tort" claims (Counts 25-26); however, they fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and, consequently, they were appropriately dismissed by the Bankruptcy Court.

At the outset, Plaintiff's Amended Complaint was properly dismissed because it violated Fed. R. Civ. P. 8 in that it failed to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Much like his other pleadings, Plaintiff's Amended Complaint is a 33-page, 211-paragraph rambling mess of disjointed allegations, misnumbered paragraphs, factual inaccuracies, and generalized conclusions that have no ties to reality, but are nonetheless intended to muddy the waters and cause delay. For this reason alone, the Bankruptcy Court was well within its discretion to dismiss Plaintiff's pleading in its entirety and with prejudice.

Beyond that, Plaintiff's purported claims appear to rely on two fundamental, but flawed notions: (1) Defendants instituted wrongful foreclosure proceedings; and (2) Defendants violated various procedures and statutes in servicing his mortgage loan. However, notwithstanding Plaintiff's misunderstanding of the law, his incoherent and jumbled allegations as a whole fall well short of stating a viable claim for relief under any theory, and the Amended Complaint was properly dismissed with prejudice.

Beginning with Plaintiff's claims for breach of contract, Counts 1-20 fail because he does not – and cannot – allege any facts showing a breach of his underlying mortgage loan by Defendants, let alone damages that he suffered as a result. To the contrary, if anyone is in breach, it is Plaintiff because he has not paid his mortgage in over a decade.

As for Plaintiff's quiet title and declaratory relief claims (Counts 21-24), they all seek to invalidate his mortgage simply because *__he__* is not convinced that Defendants have standing to foreclose.  Not only is this no basis for a quiet title action or declaratory relief, Plaintiff notably does not deny that he obtained the mortgage loan, that PHH's mortgage and assignment were recorded, or that he failed to make any of his required monthly payments.  In fact, Plaintiff concedes in his bankruptcy filings that Defendants have a recorded secured interest in his real property, so any argument that he somehow holds superior title is patently frivolous.

Finally, Plaintiff's unspecified "tort claims" (Counts 25-26) fail because they are based on the unprovable theory that Plaintiff never entered into an enforceable contract (i.e., the mortgage loan) with Defendants.  Here, Plaintiff seeks alternative relief in the event that the Court finds that no valid contact ever existed (which it does); however, as noted above, Plaintiff admits the validity of the mortgage loan in his bankruptcy filings.  Moreover, Plaintiff does not plead, nor can he, that he suffered any damages as a result of any alleged misconduct by Defendants.  For over a decade, Plaintiff has retained ownership of the subject property and collected rent from tenants, all while refusing to pay his mortgage.

Accordingly, for all these reasons, which are explained in greater detail below, the Bankruptcy Court's January 19, 2022 Order should be affirmed, and Plaintiff's appeal should be denied.

## V.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.     Procedural History of this Case.

On September 9, 2021, Plaintiff filed a voluntary petition (the "Petition") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Philadelphia Division, Case No. 21-12476-AMC (the "Bankruptcy Proceeding").  *See* [Adv. Dkt. 1-1, Ex. A].  As part of Plaintiff's Petition, he listed Defendants as secured creditors holding a lien against his rental property located at 521 Cowpath Road, Telford, PA 18969 (the "Property").  *See* [Adv. Dkt. 1-2, Ex. B].

Prior to initiating the Bankruptcy Proceeding, on or about July 16, 2021, Plaintiff filed his original Complaint in the Court of Common Pleas for Montgomery County, Pennsylvania, styled as *Kenneth Taggart v. PHH Mortgage Corp. and TIAA Bank a/k/a TIAA Bank Home Lending f/k/a or a/k/a Everbank*, at Case No. 2021-15316 (the "State Court Action").  *See* [Adv. Dkt. 1-3, Ex. C].  In the original Complaint, Plaintiff made a number of unsupported – and previously rejected – allegations that his mortgage against the Property is invalid, and sought affirmative relief for breach of contract, quiet title, declaratory relief, and non-specific tort claims.  *See id.*  All of these claims are bootstrapped to Plaintiff's naked assertions that Defendants (i) do not have standing to foreclose; and (ii) Defendants violated various procedures and statutes in servicing his mortgage loan.

Plaintiff thereafter attempted to have service completed upon Defendants via the Montgomery County Sheriff's Office; however, the Montgomery County Sheriff was unable to serve Defendants because Plaintiff provided incorrect addresses for each party.  *See* [Adv. Dkt. 1-4, Ex. D and 1-5, Ex. E].

On November 18, 2021, Plaintiff filed Affidavits of Service in the State Court Action falsely stating that service had been completed on Defendants by letters dated October 15, 2021.

*See* [Adv. Dkt. 1-6, Ex. F].  However, Plaintiff's October 15, 2021 letters did not comply with Pa.R.C.P. 403, 404, 410, or 424, and, therefore, neither PHH nor TIAA were properly served with process in the State Court Action.

On November 24, 2021, Defendants removed the State Court Action to the United States Bankruptcy Court for the Eastern District of Pennsylvania citing diversity of citizenship as grounds for removal.  *See* [Adv. Dkt. 1].

On December 1, 2021, Defendants filed a Motion to Dismiss Plaintiff's Complaint.  *See* [Adv. Dkt. 2].  Thereafter, Plaintiff filed a Motion to Remand on December 8, 2021; however, it was misfiled and re-filed again on December 15, 2021.  *See* [Adv. Dkt. 10].  Defendants opposed Plaintiff's Motion to Remand on December 22, 2021.  *See* [Adv. Dkt. 15].

Rather than responding to Defendants' Motion to Dismiss, Plaintiff filed an Amended Complaint on December 15, 2021, which largely tracked the original Complaint.  *See* [Adv. Dkt. 12].  Despite Plaintiff's purported filing date of December 15, 2021, Defendants did not receive notice of the Amended Complaint until the filing was entered on the Bankruptcy Court's docket on December 20, 2021 – at which point undersigned counsel received an e-mail notification of the electronic filing.  *Id*.

Immediately after Plaintiff's Amended Complaint was docketed on December 20, 2021, the Bankruptcy Court scheduled a hearing to address Defendants' Motion to Dismiss and Plaintiff's Amended Complaint for January 19, 2022.  *See* [Adv. Dkt. 13].

Notwithstanding the Bankruptcy Court's notice of hearing for January 19, 2022, on January 3, 2022, in an abundance of caution so as to avoid entries of default, Defendants filed a Motion to Dismiss Taggart's Amended Complaint.  *See* [Adv. Dkt. 19].  Plaintiff opposed Defendants' Motion to Dismiss on January 18, 2022.  *See* [Adv. Dkt. 40].

A Certificate of Service filed by Plaintiff in the adversary matter indicates that the Amended Complaint was mailed to counsel for defendants, Thomas Brodowski, Esq. and Edward Chang, Esq., on December 15, 2021 and December 16, 2021, respectively. *See* [Adv. Dkt. 23-2]. However, the USPS Tracking results confirm that Plaintiff's mailings to Defendants' counsel were not delivered until December 31, 2021. *See* [Adv. Dkt. 27-3]. In addition, Certificate of Service filed with the Amended Complaint pertains to a <u>Notice of Hearing</u> regarding Plaintiff's Motion to Remand, as opposed to the Amended Complaint, which, again, was not received until December 31, 2021. *See* [Adv. Dkt. 12-21]; *see also* [Adv. Dkt. 27-3].

On January 3, 2022, Plaintiff filed a Request for Entry of Default pursuant to Bankruptcy Rule 7055. [Adv. Dkt. No. 22]. The sole basis alleged for the relief sought is that TIAA/Everbank failed to file an answer or other responsive pleading within 14 days of December 15, 2021, pursuant to Fed. R. Civ. P. 15. *Id.* Although Defendants' Motion to Dismiss was clearly filed and docketed on January 3, 2022 ***before*** Plaintiff's Request for Entry of Default, the clerk nonetheless entered default against TIAA/Everbank. *See* [Adv. Dkt. No. 25].

Further, because TIAA/Everbank (and PHH for that matter) did not receive notice of Plaintiff's Amended Complaint until the filing was entered on the Court's docket on December 20, 2021, Defendants' time to answer or otherwise respond to the Amended Complaint ran through January 3, 2022. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Accordingly, TIAA/Everbank's Motion to Dismiss that was filed on January 3, 2022 was timely.

On January 19, 2022, the Bankruptcy Court held oral argument on Plaintiff's Motion to Remand, as well as Defendants' Motion to Dismiss. Upon the conclusion of oral argument, the

9

Bankruptcy Court denied Plaintiff's Motion to Remand, and granted Defendants' Motion to Dismiss.  *See* [Adv. Dkt. Nos. 37, 38].

On January 20, 2022, Plaintiff filed Notices of Appeal to this Court relating to the Bankruptcy Court's January 19, 2022 Orders denying Plaintiff's Motion to Remand and granting Defendants' Motion to Dismiss.  *See* [Adv. Dkt. Nos. 46, 47].

Thereafter, on February 9, 2022, the Bankruptcy Court held oral argument on Defendants' Motion to Vacate Default, and subsequently granted the motion.  *See* [Adv. Dkt. 69].

**B.** **Procedural History of the Underlying Foreclosure Action.[3]**

On July 11, 2008, Plaintiff made, executed and delivered a $659,648.00 promissory note (the "Note") to LBA Financial Group, LLC ("LBA"), which was secured by a mortgage (the "Mortgage") granted by Taggart to Mortgage Electronic Registration Systems, Inc., as nominee for LBA, its successors and assigns, that encumbers the Property.  The Mortgage was recorded with the Montgomery County Recorder of Deeds on July 22, 2008 in Book 12440, Page 01519. PHH is the current servicer for Plaintiff's Mortgage, and TIAA/Everbank is alleged to own Taggart's Note.  *See* Am. Compl. [Adv. Dkt. 12, ¶ 16].

On April 1, 2009, Plaintiff failed to make his monthly mortgage payment that became due, as well as all monthly payments that have come due thereafter.  Consequently, the mortgage servicer at the time – GMAC Mortgage, LLC ("GMAC") – elected to exercise its contractual right

---

[3] In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir.2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may also be considered. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir.2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir.2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).

to accelerate the balance due on Plaintiff's loan and initiated a foreclosure action on August 14, 2009 (the "GMAC Foreclosure"); however, this action was subsequently discontinued without prejudice for reasons unrelated to Plaintiff's purported claims. *See* Am. Compl. [Adv. Dkt. 12, ¶ 18].

The Mortgage was subsequently assigned to PHH's predecessor, Ocwen Loan Servicing, LLC ("Ocwen"), via an assignment of mortgage, which was recorded with the Montgomery County Recorder of Deeds on April 25, 2014 in Book 13772, Page 01058. A corrective Assignment of Mortgage was recorded on June 11, 2014 to confirm Ocwen as the assignee, in Book 13792, Page 00677. *See* Am. Compl. [Adv. Dkt. 12, ¶¶ 32, 81-82].

Thereafter, Plaintiff's loan remained in default, so PHH[4] – Plaintiff's new mortgage servicer – filed a new foreclosure complaint on July 16, 2019, which sought an *in rem* judgment of $1,228,278.76. PHH then filed an amended foreclosure complaint, claiming a total amount due of $1,247,126.32 on October 18, 2019. *See* [Adv. Dkt. 19-5].

In response to PHH's straightforward Amended Complaint, Plaintiff filed Preliminary Objections[5] consisting of 334 paragraphs and raising the following defenses, among others:

- Improper venue (Objection 7);
- The GMAC Foreclosure is still pending (Objection 1);
- Lack of service (Objection 2);
- PHH's Am. Complaint fails to satisfy pleading requirements under Rule 1147 (Objections 6 and 19);
- PHH's Am. Complaint is not properly verified under Rule 1024 (Objection 14);
- PHH failed to file "evidence" of pre-foreclosure notices and ownership of note with its Am. Complaint (Objections 3, 8-10, 12-13);

---

[4] On May 31, 2019, a Certificate of Merger was filed by the New Jersey State Treasurer showing the merger between Ocwen and PHH. *See [Adv. Dkt. 19-5]*.
[5] *See* [Adv. Dkt. 19-6].

- PHH's Mortgage was not properly "acknowledged" (Objection 11);
- Breach of Contract for failure to comply with the terms of the Note and Mortgage (Objections 5, 15, 16);
- Failure to comply with discovery (Objection 17); and
- Failure to PHH to acknowledge Taggart's "Notice of Dishonor" and "Presentment" (Objections 4, 18).

Collectively, these Objections are essentially identical in substance to Plaintiff's current claims that are subject to Judge Chan's January 19, 2022 dismissal Order.

On or about November 26, 2019, PHH's foreclosure counsel filed a Response to Plaintiff's Preliminary Objections, after which, by Order dated January 6, 2020, the state court overruled them in their entirety. In the same Order, Plaintiff was ordered to file an answer to PHH's Amended Complaint within 20 days.[6]

On January 28, 2020, Plaintiff filed an Answer and New Matter, but he did not assert any counterclaims against PHH. Thereafter, PHH voluntarily discontinued the action without prejudice pursuant to Pa.R.C.P. 229(c) on January 31, 2020.

On March 5, 2020, Plaintiff filed a motion to strike the discontinuance and requested that the state court enter an Order either dismissing PHH's claims with prejudice or enter a judgment in Plaintiff's favor against PHH. Plaintiff essentially alleged that PHH is not the owner of the Note and that PHH did not show a valid chain of title to the Mortgage. Plaintiff further alleged that PHH's foreclosure is barred by the statute of limitations pursuant to 13 Pa.C.S.A. § 3118 and laches because the GMAC Foreclosure was voluntarily discontinued in October 2013.[7]

---

[6] *See* [Adv. Dkt. 19-7].

[7] In the GMAC Foreclosure, a praecipe to discontinue was filed on October 30, 2013 (Seq. #355). Defendant filed a motion to strike the praecipe to discontinue on November 1, 2013 (Seq. # 357). On December 18, 2013, the court ordered the Prothonotary to accept Defendant's Third Amended Answer, New Matter and Counterclaims (Seq. # 371). Defendant asserted counterclaims of declaratory judgment, wrongful foreclosure, quiet title, slander of title, negligence, violations of Pennsylvania's Fair Credit Extension Uniformity Act, violation of the Pennsylvania Unfair Trade Practices Act, invasion of privacy/ false light, breach of contract, and violation of the Mortgage Property Insurance Coverage Act (Seq. # 373). On February 28, 2014, counsel for Defendant filed a "Praecipe to Withdraw

12

PHH filed a response to Plaintiff's motion to strike on May 18, 2020 and argued that, among other things, Plaintiff's motion was untimely pursuant to 42 Pa.C.S. § 5505.  By Order dated December 2, 2020, the State Court denied Plaintiff's motion to strike, after which he filed a Notice of Appeal to the Pennsylvania Superior Court on December 31, 2020 (the "Superior Court Appeal").

After seeking multiple extensions of time, Plaintiff eventually filed his appeal brief on August 30, 2021.  PHH then filed its answering brief; however, before Plaintiff's reply deadline expired, Plaintiff's long-time and former counsel, Joshua L. Thomas, was suspended from practicing law for a period of 2 years due to a history of incompetence and frivolous litigation.[8]

On September 29, 2021, 20 days after filing his Bankruptcy Petition, Plaintiff filed a Suggestion of Bankruptcy in the Superior Court Appeal.  In response, the Superior Court entered an Order dated October 19, 2021, which stayed the Appeal pursuant to the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362.  On April 19, 2022, the Superior Court entered a subsequent Order directing Plaintiff to provide an update as to the status of Plaintiff's bankruptcy proceedings.

---

Plaintiffs' Motion to Strike Praecipe to Discontinue Action Filed November 1, 2013 as Moot" (Seq. #398). The action was stayed in all respects pending bankruptcy of debtor Plaintiff GMAC by order dated March 19, 2014 and docketed on March 20, 2014 (Seq. #412). On March 29, 2021, the Prothonotary issued a notice of proposed termination of the case due to inactivity pursuant to Pa.R.C.P. 230.2 requiring the parties to file a statement of intention to proceed by April 28, 2021 (Seq. #429). No statement of intention to proceed was filed by the required date and the action was terminated on May 4, 2021.

[8] A copy of the Pennsylvania Supreme Court's Order and Opinion can be found at https://www.pacourts.us/assets/opinions/DisciplinaryBoard/out/115DB2021-Thomas.pdf

## VI.    <u>STATEMENT OF THE STANDARD OF REVIEW</u>

In an appeal from a bankruptcy court's decision, the district court applies two different standards of review. The district court reviews factual findings of the bankruptcy courts under a clearly erroneous standard.  *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir.1989); Bankr.Rule 8013.   A bankruptcy court's conclusions of law, however, are subject to *de novo* review.  *Id*.

14

## VII.   <u>SUMMARY OF ARGUMENT</u>

The Bankruptcy Court did not err by dismissing Plaintiff's Amended Complaint because it fails to state any viable claims against Defendants.  Specifically, Plaintiff's Amended Complaint fails to allege any specific facts demonstrating that he is entitled to relief.  As such, the Amended Complaint violates Fed. R. Civ. P. 8, and, therefore, it fails to state a claim under Fed. R. Civ. P. 12(b)(6), and it was appropriately dismissed with prejudice.

Turning to the merits of Plaintiff's individualized claims, Plaintiff first fails to allege any facts to support a claim for breach of contract against Defendants.  Plaintiff essentially basis his breach of contract claims on two misguided theories: (1) that Defendants instituted wrongful foreclosure proceedings; and (2) Defendants violated various procedures and statutes involving the servicing of his Mortgage.  Plaintiff, however, fails to allege the existence of any contract, let alone breach thereof, or any damages as a result of unidentified misconduct by TIAA/Everbank, so Plaintiff's breach of contract claim against that entity necessarily fails as a matter of law.

As for Plaintiff's contract claim against PHH, he alleges that PHH can never enforce the Note or Mortgage because they are invalid, or, put otherwise, that he has no contract with PHH. Under Plaintiff's logic, the absence of a contract with PHH precludes a breach of contract claim. That aside, the Amended Complaint fails to plead any facts showing a breach of the Mortgage or Note, much less any damages.  And even if the Amended Complaint contained specific allegations of wrongdoing, the alleged misconduct occurred more than four years ago, so the claim is barred by the limitations period set forth in Pa.C.S.A. § 5525.

Next, Plaintiff's purported UTPCPL claim fails because the Amended Complaint does nothing more than parrot the elements of the UTPCPL.  Indeed, Plaintiff fails to plead any facts substantiating the elements required to establish a UTPCPL claim, and his only claimed damages are for emotional harm, which are not recoverable under the UTPCPL.

Plaintiff also fails to state a claim for quiet title and declaratory relief.  By any fair reading, these claims are an attempt to invalidate the Mortgage; however, Plaintiff fails to allege any facts demonstrating that he holds a claim to title in the Property superior to that of Defendants.   In addition, these claims are barred by judicial estoppel because Plaintiff acknowledges Defendants' interest in the Property in his bankruptcy filings, as well as the applicable statute of limitations.

Finally, Plaintiff fails to plead any facts showing he is entitled to "alternative tort relief." In repetitive fashion, Plaintiff merely demands relief based on his misunderstanding of the law, without any actual allegations or evidence of wrongdoing by the Defendants.

Accordingly, because Plaintiff did not – and cannot – plead any facts to support his nonsensical claims against Defendants, the Bankruptcy Court properly dismissed Plaintiff's Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## VIII.   <u>ARGUMENT</u>

### A.   <u>THE BANKRUPTCY COURT PROPERLY DISMISSED PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6).</u>

#### i.   <u>Legal Standard for Dismissal.</u>

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which is incorporated into the Bankruptcy Code by Bankruptcy Rule 7012, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inference must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted).  The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations omitted).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 23 91974)).

To survive a motion to dismiss, the plaintiff must have "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Allegations giving rise to an inference of "the mere possibility of misconduct" are insufficient to survive a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 662.

### ii.   **The Bankruptcy Court Properly Dismissed Plaintiff's Amended Complaint Because It Violates Rule 8 of the Federal Rules of Civil Procedure.**

As a threshold matter, the Bankruptcy Court did not err by dismissing Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 8, which requires a pleading to contain "a short and plain statement showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2). Here, Plaintiff's Amended Complaint alleging only 4 causes of action spans 32 pages and consists of approximately 211 paragraphs, the majority of which are repetitive and misnumbered, and are obviously the result of cutting and pasting from other pleadings that have no relation to this case. *See generally*, Am. Compl. In addition, there are virtually no facts pled. By any fair reading, the substantive content of the Amended Complaint is a collection of unsupported allegations, conspiracy theories, references to other cases that have been discontinued or otherwise have no applicability to this case, as well as Plaintiff's own self-serving opinions and specious conclusions of law. Plaintiff's "kitchen sink" approach to litigation clearly violates Fed. R. Civ. P. 8 as he has not pleaded any facts demonstrating that he is entitled to any relief, and his Amended Complaint was appropriately dismissed in its entirety for this reason alone.[9]

### iii.   **The Bankruptcy Court Properly Concluded that Plaintiff Failed to State a Claim for Breach of Contract.**

Plaintiff's breach of contract claims are essentially premised upon two misguided theories that Defendants (1) instituted wrongful foreclosure proceedings; and (2) violated various procedures and statutes in servicing his Mortgage loan. However, not only does Plaintiff fail to plead any facts supporting these theories, even if he did, the alleged misconduct does not give rise to any claims for breach of contract, nor has he suffered any damages to support such a claim.

---

[9] Notably, this strategy is not foreign to Plaintiff or his long-time former counsel, Joshua L. Thomas, who, as stated previously, was recently sanctioned and suspended from practicing law for a history of incompetence and filing similar frivolous pleadings in Plaintiff's other cases.

To state a claim for breach of contract under Pennsylvania law, a complaint must specifically allege: "'(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir. 2015) (quoting *Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. Ct. 2004) (internal quotation marks omitted)). Here, Plaintiff does not and cannot plead any of these elements.

With respect to TIAA/Everbank, Plaintiff only alleges in the Complaint that TIAA/Everbank is the owner of the Note. *See* Am. Compl., ¶ 16. Plaintiff does not allege the existence of any contract, let alone a breach thereof, or any damages as a result of some unidentified misconduct by TIAA/Everbank. Accordingly, Counts 11-20 fail to state a claim for breach of contract.

Turning to PHH, Plaintiff confusingly spends much of his Amended Complaint attempting to argue that he does ***not*** have any contract with PHH, or, more generally, that PHH cannot ever enforce the Note or Mortgage against him or the Property because they are invalid. *See generally*, Am. Compl. Under this logic, Plaintiff cannot plausibly state a claim for breach of contract when he contends no contract exists with PHH. This alone necessitates the dismissal of Counts 1-20 against PHH.

Ignoring Plaintiff's flawed logic, his generalized and incoherent allegations of misconduct are still insufficient to state a claim for breach of contract against PHH.

First, assuming that Plaintiff specifically pointed to the Note or Mortgage as evidence of a valid contract (which he does not), his overarching allegations that (i) PHH instituted wrongful foreclosure proceedings; (ii) that PHH's predecessor in interest "admitted [it] defaulted on the [M]ortgage and [N]ote by raising the payment too high" and could not "verify or validate its

claims;" (iii) PHH failed to "evince ownership and provenance" of the Note or Mortgage; (iv) PHH failed to comply with pre-foreclosure notice requirements; and (v) PHH failed to "service the loan pursuant to the [M]ortgage and [N]ote" ___*are not*___ evidence of any breach of the Mortgage or Note.  To be clear, the Amended Complaint fails to identify any relevant provisions of the Note or Mortgage which impose any requirements on PHH (or any other mortgage servicer for that matter), such that, the alleged conduct above would constitute a breach thereof.  And regardless, even if there was a hint of factual accuracy to these allegations of misconduct (which there is not), the complained-of conduct amounts to nothing more than a list of potential defenses in an action to enforce the Note or Mortgage, as opposed to affirmative claims for relief, which Plaintiff is attempting to assert here.

Second, assuming that the Amended Complaint identified specific provisions of the Note and Mortgage which PHH is alleged to have breached (and which could potentially support an affirmative claim for relief), Plaintiff has not pleaded any damages as a result of the alleged "breach."  Instead, a close read of the Amended Complaint confirms that the only references to "damages" are in the final paragraph of each Count, where Plaintiff avers only that he is seeking "actual damages, compensatory damages, treble damages, punitive damages, costs, and attorney's fees…," without any further indicia of what those damages might be.  *See* Am. Compl. at Counts 1-20, 25-26.

And even if the Court were to overlook this fatal flaw, Plaintiff cannot escape the fact that he has not been damaged at all.  Indeed, Plaintiff has retained ownership of the Property without making any Mortgage payments in over a decade, all while collecting rent from tenants and taking advantage of whatever other incentives may be available to property owners at the expense of Defendants.  Further, there is no active foreclosure pending against Plaintiff involving this

Property.  As stated above, the GMAC Foreclosure from 2009 was discontinued without prejudice, as was the most recent PHH Foreclosure.[10]

In short, Plaintiff's breach of contract claims (Counts 1-20) are premised solely on his own misguided beliefs as to what such a claim entails, as opposed to the actual legal requirements, which are woefully lacking in the Amended Complaint.  Accordingly, for all the reasons stated above, the Court should affirm the Bankruptcy Court's dismissal of Plaintiff's breach of contract claims with prejudice.

### iv.   The Bankruptcy Court Properly Dismissed Plaintiff's Purported UTPCPL Claims.

In Counts 9-10 and 19-20, Plaintiff purports to assert claims against Defendants for violating the UTPCPL; however, just like his other claims, the Amended Complaint merely parrots the elements of the UTPCPL and relies on nothing more than Plaintiff's own opinion, as opposed to actual facts.  Accordingly, Plaintiff's UTPCPL claims fail and were properly dismissed with prejudice.

The Pennsylvania UTPCPL "protects consumers of goods and services from unfair or deceptive trade practices or acts."  *Smith v. Commercial Banking Corp.*, 866 F.2d 576, 581 (3d Cir. 1989).  The UTPCPL recognizes unequal bargaining power in the marketplace, and strives to place sellers and consumers on more equal terms.  *Commonwealth v. Monumental Prop., Inc.*, 459 Pa. 450, 458, 329 A.2d 812, 816 (1974).

In order to assert a cause of action under the UTPCPL, a plaintiff must establish: (1) he is a purchaser or lessee; (2) the transaction deals with "goods or services"; (3) the goods or services

---

[10] It also bears mentioning that, to the extent Plaintiff is attempting to assert breach of contract claims against Defendants based on conduct that GMAC is alleged to have committed in connection with the GMAC Foreclosure, that conduct allegedly occurred in 2009 or before, so those claims would be time-barred by Pennsylvania's four-year statute of limitations for breach of contract actions.  *See* 42 Pa.C.S. § 5525(a)(1).

were primarily for personal, family, or household services; and (4) he suffered damages arising from the purchase of goods or services. *Keller v. Volkswagen of America, Inc.*, 733 A.2d 642, 646 (Pa.Super. 1999).  Critically, though, the damages component of a UTPCPL claim requires that a plaintiff actually suffer an "ascertainable loss." *See* 73 P.S. § 201-9.2(a) (providing a private right of action only to a person who suffers "ascertainable loss of money or property, real or personal") (emphasis added); *see also In re Clark*, 96 B.R. 569, 582 (Bankr. E.D. Pa. 1989) (holding damages under UTPCPL are limited to money or property actually lost), *Nelson v. First Card*, No. 97-3503, 1998 WL 107236, at *2 (E.D. Pa. Mar. 9, 1998) (damages for UTPCPL claims must be out-of-pocket losses); *Clark*, 96 B.R. at 583 (disallowing the claimants to treble their awards for "discomfort and humiliation" under the UTPCPL).

Further, the law is settled that plaintiffs cannot recover under the UTPCPL for emotional distress, which Plaintiff seeks through the Amended Complaint.  *See Krisa v. Equitable Life Assurance Society*, 113 F.Supp.2d 694, 707 (M.D.Pa.2000) ("Because the statute requires an ascertainable loss of money or property and limits recovery to 'actual damages,' [plaintiff] will not be entitled to recover emotional distress type damages."); *Nelson*, 1998 WL 107236, at *2 ("[R]ecovery for emotional distress is not permitted under the UTPCPL."); *Bryant v. Woodland*, 111 B.R. 474, 480 (E.D.Pa.1990) ("Recovery for emotional distress is not permitted under the Pennsylvania [UTPCPL], as it does not fall within the express limitations of the statute which recognizes as actual damages 'any ascertainable loss of money or property ...' ").

Here, Plaintiff pleads no facts substantiating any of the elements required to establish a UTPCPL claim.  Just like his other purported claims, Plaintiff's Amended Complaint simply parrots the elements of the UTPCPL and fails to allege any facts describing how Defendants engaged in any prohibited conduct under the UTPCPL, let alone how the statute even applies to

him beyond more than a conclusory reach.  This alone requires the dismissal of Plaintiff's UTPCPL

claims.  *See Wenglicki v. Tribeca Lending Corp., et al.*, 2009 WL 2195221, at *6 (E.D.Pa. July 22,

2009).  Moreover, as stated above, emotional damages are not recoverable under the UTPCPL, so

even if Plaintiff could convincingly argue that he was emotionally harmed by not paying his

Mortgage, he still cannot recover under the UTPCPL. Indeed, any alleged emotional harm is purely

the result of Plaintiff's own failure to make his required Mortgage payments and appreciate the

consequences for failing to do so.

Accordingly, and absent any facts to the contrary, the Amended Complaint fails to state a

claim against Defendants under the UTPCPL, and Counts 9-10 and 19-20 were properly dismissed

with prejudice.

### v.   The Bankruptcy Court Properly Concluded that Plaintiff Failed to State a Claim for Quiet Title and Declaratory Relief.

In Counts 21-24, Plaintiff purports to assert claims for Quiet Title and "declaratory relief"

against Defendants.  Although each count is labeled as an independent cause of action, they are

fundamentally the same in that they ask for the same relief – an Order invalidating the Mortgage

so that Plaintiff can avoid his payment obligations and obtain free and clear title to the Property.

However, notwithstanding Plaintiff's mislabeling of these claims, they nonetheless fail as a matter

of law.

Above all, any claim to quiet title or for declaratory relief fails because Plaintiff does not

allege anywhere in the Amended Complaint that he holds a claim to title in the Property superior

to that of the Defendants.  Rather, he merely alleges in repetitive fashion that Defendants have not

come forward with any evidence (to his satisfaction) demonstrating their interest in the Property.

However, as stated above, there is no active case against Plaintiff by Defendants to enforce the

Note or Mortgage, so there is no valid reason for Plaintiff to even assert such claims.  And even if

there was, Plaintiff would be free to raise any defenses that may be available to him in that action, including lack of standing or other challenges to title.

Next, Plaintiff's claims for quiet title and declaratory relief are barred by judicial estoppel. Three requirements must be met before a district court may properly apply judicial estoppel. First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. *See Ryan Operations G.P. v. Santiam–Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir.1996). Second, judicial estoppel is unwarranted unless the party changed his or her position "in bad faith—i.e., with intent to play fast and loose with the court." *Id.* Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct. *See Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 108 (3d Cir.1999) (quotation marks and citation omitted).

Here, the first element is easily satisfied because Plaintiff listed Defendants in Schedule D of his Bankruptcy Petition as secured creditors holding a lien against the Property. *See* [Adv. Dkt. 1-2, Ex. B]. In other words, Plaintiff admitted the validity of Defendants' claim to title, as well as the Mortgage, while conversely disputing same in this action. As for the second element, Plaintiff's deceitful antics are well-documented by courts throughout this region. Thus, absent any allegations that Plaintiff never obtained the Mortgage loan (which he does not allege), Plaintiff cannot in good faith contend that he owns the Property free and clear, much less that he is entitled to quiet title and/or declaratory relief invalidating the Mortgage. For the third and final element, the application of judicial estoppel to Plaintiff's claims for quiet title and declaratory relief is narrowly tailored, inasmuch as it would prevent a miscarriage of justice without any real prejudice to any party.

In addition, to the extent Counts 21-24 seek an Order (i) declaring the Defendants' interest in the Note and Mortgage invalid; (ii) compelling Defendants to "file of record, all claims to the mortgage and note in question;" and (iii) to "provide a complete chain of title" (*see generally* Am. Compl. at Counts 21-24), these requests are not based on any factual discrepancies with respect to title to the Property at all.  Rather, Plaintiff merely seeks this relief because he either (1) does not believe that Defendants have any interest in the Note or Mortgage; or, more likely, (2) he wants to cause additional delay and derail future foreclosure efforts.  Regardless of his motive, Plaintiff fails to allege any facts elsewhere in the Amended Complaint showing that he is entitled to quiet title or declaratory relief.

It is also well-settled that an action to quiet title may be brought, in relevant part, to compel an adverse party to file, record, cancel, surrender, or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land.  Pa.R.C.P. 1061(b)(3).  However, as Judge Pappert made clear in addressing Plaintiff's frivolous arguments, the quiet title statute "is not a license to force any person somewhat associated with a property transaction to answer a series of requests for admissions and produce documents."  *See Taggart v. Deutsche Bank Nat'l. Trust Co., et al.*, 2021 WL 2255875, at *6.

Here, through Counts 21-24, Plaintiff is attempting to bully Defendants into proffering evidence related to their alleged claim of title to the Property under the guise of a claim to quiet title, despite there being no actual dispute over title to the Property in this case or elsewhere.  Further, just to be clear, Plaintiff does not allege any facts whatsoever that even remotely suggest he holds a superior interest in the Property, or that Defendants' alleged interest creates a cloud on title.  Indeed, the purpose of a quiet title action is to remove clouds on title and resolve conflict over interests in property, and none are even remotely apparent here.  *See White v. Young*, 186

25

A.2d 919, 921 (Pa. 1963) (clarifying purpose of quiet title actions).  Accordingly, Plaintiff cannot plausibly maintain an action to quiet title or for declaratory relief, and Counts 21-24 were correctly dismissed with prejudice.

Finally, even assuming Plaintiff could actually plead a colorable claim for quiet title or declaratory relief, all of his quiet title-related claims are barred by the statute of limitations. Although actions to quiet title do not fall under any specific limitations period, under Pennsylvania law, where the alleged causes of action are "inextricably intertwined," all claims flowing from a defendant's conduct may be subsumed under a single limitation period.  *Carpenter v. Dizio*, 506 F.Supp. 1117, 1121 (E.D. Pa. 1981) (quoting *Gagliardi v. Lynn*, 285 A.2d 109, 112 (Pa. 1971)). The limitations period to be applied "is based solely upon the dominant or pervading cause of action in the group of inextricably intertwined claims." *Id*.  In this case, the dominant or pervading cause of action is the request to declare the Note, Mortgage, and underlying Mortgage assignment(s) invalid - a breach of contract claim.  Therefore, viewed most liberally, a four-year statute of limitations period applies to Plaintiff's quiet title-related claims, based on Pennsylvania's four-year limitations period for breach of contact actions, whether couched as declaratory judgment or quiet title actions.  *See* 42 Pa.C.S. § 5525.

Thus, to the extent Plaintiff's claims are based on challenges to the creation of the Mortgage or the Mortgage assignment(s), those events occurred at the very least in June 2014 (the recording of the most recent Mortgage Assignment), which is clearly predates the filing of this action in July 2021 by more than four years.  Accordingly, Plaintiff's quiet title and related declaratory relief claims are also time-barred.

**vi.** **Plaintiff's Amended Complaint Fails to Plead Any Facts Showing He Is Entitled to Alternative Tort Relief.**

In Counts 25 and 26, Plaintiff seeks alternative relief against Defendants through the assertion of unspecified "tort claims," which appear to be premised upon the notion that Plaintiff is entitled to some sort of relief if the Court determines that no contract exists between Plaintiff and Defendants.  *See* Am. Compl., Counts 25-26.  Similar to the claims described above, Counts 25 and 26 also fail to state a claim for relief.

First, to the extent Counts 25 and 26 require the Court to first determine whether a valid contract (i.e., Mortgage loan) exists, that issue is not presently before the Court, nor is it even disputed for all of the reasons explained above.  At best, all of Plaintiff's claims are no more than generic defenses to a foreclosure action, which is not even pending.  If and when that occurs, he is free to raise any defenses that may be available to him at that time.

Second, Counts 25 and 26 are so generically pled that they clearly violate Fed. R. Civ. P. 8(a)(2).  Not only is there no such cause of action as a generic "tort claim," Plaintiff has not pleaded any facts describing what tort(s) Defendants are alleged to have committed, how he was harmed, or why liability should be imputed to either of the Defendants.  Moreover, it is clear that Plaintiff is simply maintaining his course of playing the victim (who does not pay his mortgages) and exhausting every effort to stave off foreclosure as he has done for over the past decade, even though he has no valid claims, defenses, or arguments to the contrary.

Nonetheless, the Amended Complaint fails to plead any facts showing Plaintiff is entitled to damages for unspecified "tort claims," and Counts 25 and 26 were properly dismissed with prejudice.

IX.    <u>**CONCLUSION**</u>

For all the foregoing reasons, the Court should affirm the Bankruptcy Court Order from

January 19, 2022, and deny Plaintiff's appeal.

Respectfully submitted,

<u>/s/ Thomas M. Brodowski</u>
Edward W. Chang, Esquire
Thomas M. Brodowski, Esquire
**BLANK ROME LLP**
130 N. 18th Street
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555
EChang@BlankRome.com;
TBrodowski@BlankRome.com
*Attorneys for Appellees*
*PHH Mortgage Corporation and*
*TIAA Bank*

Dated:  May 4, 2022

28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| KENNETH J. TAGGART, | : | |
| | : | |
| Appellant/Plaintiff Below, | : | Civil No. 2:22-cv-00309-JMY |
| | : | |
| vs. | : | |
| | : | |
| PHH MORTGAGE CORPORATION, et al., | : | |
| | : | |
| Appellees/Defendants Below | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas M. Brodowski, Esq., certify that on this date, the foregoing was electronically filed using the Court's ECF filing system, and simultaneously served upon all counsel of record. I further certify that a copy of the foregoing was served via first class mail and certified mail, return receipt requested, upon the following:

      Kenneth J. Taggart
      45 Heron Road
      Southampton, PA 18966


Dated: May 4, 2022                */s/ Thomas M. Brodowski*
                                      Thomas M. Brodowski